UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TONY WATKINS, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:13-CV-2240 JAR |
| v. | ) ) ) | |
| CONSUMER ADJUSTMENT CO., INC., and ROGER WEISS, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. No. 14) The Motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

On February 14, 2013, Plaintiff filed a lawsuit in Jefferson County, Missouri, against one of the two defendants in this case, Consumer Adjustment Company, Inc. ("CACi"), alleging, *inter alia*, that CACi violated the Telephone Consumer Protection Act, 47 USC § 227 *et seq*. ("TCPA") by calling his cellular telephone without express consent to do so. See *Watkins v. Consumer Adjustment Company, Inc.*, 13JE-AC00779. (Doc. No. 15-1) On March 26, 2013, Plaintiff filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Missouri. See *In re Watkins*, Case No. 13-42571 (Bankr.E.D.Mo.)

(Doc. No. 15-2)[1] Plaintiff did not list his TCPA claim against Defendants as an asset in his bankruptcy Schedule B or otherwise indicate to either the bankruptcy court or the trustee that the claim existed. (Id.) The Bankruptcy Court discharged Plaintiff's debt on July 3, 2013 and prior to doing so, appointed a trustee. (Doc. No. 15-4) On September 16, 2013, Plaintiff voluntarily dismissed his state court action without prejudice.

On November 7, 2013, Plaintiff filed this putative class action against CACi and Defendant Roger Weiss ("Weiss") alleging violations of the TCPA. Plaintiff alleges that CACi, a debt collector, violated the TCPA by using an automatic dialing system to call his cellular telephone number more than ten times in an attempt to collect a debt. (Compl., Doc. No. 1, ¶¶ 6-11, 33) Plaintiff further alleges that Weiss authorized and approved CACi's conduct. (Id., ¶ 13) Plaintiff seeks statutory damages and injunctive relief on behalf of himself and a class consisting of "(1) all consumers in the United States; (2) to whom Defendants placed any call using an automatic telephone dialing system; (3) where the consumer did not expressly consent to Defendants calling the consumer's cellular telephone; (4) during the four year period beginning before the filing of the original complaint and ending on the date of class certification." (Doc. No. 12)

Defendants move to dismiss Plaintiff's complaint for lack of standing and judicial estoppel. Defendants argue that only the bankruptcy trustee has standing to bring this pre-petition cause of action, which is the property of the bankruptcy estate. In addition, Defendants argue that Plaintiff's action is judicially estopped because he did not disclose the alleged pre-petition TCPA violations in his bankruptcy proceedings. (Doc. No. 15)

---

[1] The Court takes judicial notice of the records in Plaintiff's bankruptcy case. Federal courts "may take judicial notice of proceedings in other courts that relate directly to matters at issue." Great Plains Trust Co. v. Union Pacific R.R.Co., 492 F.3d 986, 996 (8th Cir. 2007).

In response, Plaintiff states that he amended Schedule B of his bankruptcy petition on February 26, 2014 to include his TCPA claim as an asset (Doc. No. 22-3), and that his counsel has now been retained to represent the bankruptcy trustee. (Doc. Nos. 22-1, -2) Thus, Defendants' arguments concerning lack of standing and judicial estoppel are moot.

Defendants reply that while Plaintiff has made some changes to his bankruptcy petition, the fact that his counsel has been retained to represent the estate does not cure his lack of standing as the named plaintiff in this action, citing Davis v. Bonewicz, 2011 WL 5827796, at *1-2 (E.D.Mo. Nov. 18, 2011) (standing defect cured with a motion to substitute the trustee of the bankruptcy estate as the named plaintiff). Defendants further argue that because Plaintiff has not disclosed the value of the case, he should still be judicially estopped from bringing this action. (Doc. No. 24, pp. 2-3)

**Discussion**

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). If a plaintiff lacks standing, the district court has no subject matter jurisdiction. Gray v. City of Valley Park, Mo., 567 F.3d 976, 980 (8th Cir. 2009). It is well settled that "[a]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." Davis, 2011 WL 5827796, at *1 (citing Harris v. St. Louis Univ., 114 B.R. 647, 648 (E.D.Mo.1990); Moratzka v. Morris (In re Senior Cottages of Am., LLC), 482 F.3d 997, 1001 (8th Cir.2007)). See also Mixon v. Anderson (In Re Ozark Rest. Equip. Co.), 816 F.2d 1222, 1225 (8th Cir.1997) (explaining that "[c]auses of action are interests in property and are therefore included in the [bankruptcy] estate; it follows that the trustee has standing ... to assert

causes of action that belonged to the debtor at the time of filing bankruptcy."). In this case it is questionable whether the bankruptcy trustee would even be a proper representative of the proposed class. In any case, because Plaintiff's pre-petition cause of action is an interest in property that belongs to the bankruptcy estate, see 11 U.S.C. § 541(a)(1), he lacks standing to pursue these claims and the action will be dismissed.[2] Zanders v. Armstrong Wood Products, Inc., 2008 WL 323625, at *2 (S.D. Iowa Feb. 4, 2008). The Court need not address Defendants' judicial estoppel argument.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [14] is **GRANTED** and Plaintiff's cause of action is dismissed, without prejudice**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification [12] is **DENIED** as moot.

Dated this __9th__ day of July, 2014.

                                                              _/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[2] When plaintiffs themselves lack standing to maintain an action, they cannot represent others in class suits. Mojica v. Automatic Emp. Credit Union, 363 F.Supp. 143, 146 (D.C. Ill. 1973), *vacated on other grounds sub nom* Gonzalez v. Automatic Emp. Credit Union, 419 U.S. 90 (1974).